# STATE OF MICHIGAN

# COURT OF APPEALS

---

SUSAN H. FARR, CAROLYN D. SCHUTTLER, and BYRON PRANGE,

   Plaintiffs,

and

TRACY LEE,

   Plaintiff-Appellant,


v

ST. JOHNS PUBLIC SCHOOLS,

   Defendant-Appellee,

and

ST. JOHNS BOARD OF EDUCATION,

   Defendant.

UNPUBLISHED
February 24, 2015


No. 319236
Clinton Circuit Court
LC No. 12-011074-CD

---

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

PER CURIAM.

Plaintiff Tracy Lee (Lee) appeals as of right an order granting summary disposition in favor of defendant St. Johns Public Schools (SJPS) pursuant to MCR 2.116(C)(10). We reverse and remand for further proceedings.

In the St. Johns School District from August 2009 to August 2012, the terms of employment for unionized teachers were governed by the St. Johns Education Association Master Agreement, which was a collective bargaining agreement that we shall refer to as the CBA for purposes of this opinion. The CBA was between defendant St. Johns Board of Education (the board), the Ingham/Clinton Education Association, and the St. Johns Education Association. Plaintiffs were tenured teachers working at the Wilson Center Alternative Education High School (Wilson Center), a public alternative school in the St. Johns School District. Plaintiffs were not union members; however, they alleged and there was some documentary evidence showing that their employment was governed by, and that they were

-1-

treated consistent with, the same employment terms as those contained in the CBA. Plaintiffs maintained, in part, that their small group at the Wilson Center had, in essence, engaged in collective bargaining with administration regarding their terms of employment, resulting in an agreement that their employment would be controlled by the language in the CBA. Alternatively, plaintiffs contended that, despite not being dues-paying union members, they were directly governed by the CBA under its broad definition of bargaining-unit employees covered by the CBA's terms.

With respect to layoff procedures, the CBA generally required probationary teachers to be laid off first in order of seniority, with tenured teachers to follow, also in order of seniority. On June 25, 2012, defendants placed plaintiffs on layoff status due to budget constraints, despite the assertion by plaintiffs that they had greater seniority than other probationary and tenured teachers serving in the school district who were not subject to layoffs. Plaintiffs brought suit against SJPS and the board, alleging breach of contract. Defendants responded that plaintiffs were not union members covered by the CBA and its seniority rules in regard to staff reductions. Instead, defendants claimed that plaintiffs were subject to MCL 380.1248, a recent legislative enactment that required consideration of performance and not seniority in the context of layoff determinations unless a preexisting collective bargaining agreement demanded otherwise.

Initially, the trial court dismissed plaintiffs' claims against the board under MCR 2.116(C)(1), holding that plaintiffs could not sue the board under Michigan law. This ruling has not been appealed. Subsequently, SJPS filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiffs were not actual members of the bargaining unit covered by the CBA and that MCL 380.1248 did not allow it to take plaintiffs' seniority into consideration when reducing staff. The trial court concluded that plaintiffs were not protected by the CBA because they were not union members or employees within the bargaining unit and that even if plaintiffs banded together to contract with the administration, the formation did not constitute a legally-recognizable collective bargaining unit. The trial court found that SJPS properly laid plaintiffs off under the dictates of MCL 380.1248 according to performance standards, and the court thus summarily dismissed the lawsuit. Lee alone challenges that ruling.

We review de novo the trial court's decision on a motion for summary disposition, as well as questions of statutory construction. *Caron v Cranbrook Ed Community*, 298 Mich App 629, 635; 828 NW2d 99 (2012). In *Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013), the Michigan Supreme Court recited the principles governing statutory construction:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [Citations omitted.]

-2-

In 2011, the Legislature enacted 2011 PA 102, codified at MCL 380.1248, which is applicable to teachers and which controls, in part, "policies regarding personnel decisions when conducting a staffing or program reduction or any other personnel determination resulting in the elimination of a position[.]" MCL 380.1248(1). Subsection (1) of MCL 380.1248 mandates, in general, consideration of a teacher's performance, accomplishments and contributions, and specialized training in making staff reduction decisions, rather than length of service and tenure status. However, MCL 380.1248(1) is subject to subsection (2) of the statute, which provides:

> If a collective bargaining agreement is in effect for employees of a school district or intermediate school district as of the effective date of this section and if that collective bargaining agreement prevents compliance with subsection (1), then subsection (1) does not apply to that school district or intermediate school district until after the expiration of that collective bargaining agreement.

The dispute here concerns whether MCL 380.1248(1) applies, with its rules requiring consideration of performance over seniority, or whether the exception in MCL 380.1248(2) was implicated. In conducting the analysis, the parties and the trial court focused on whether plaintiffs were covered by the CBA. We conclude that the parties and the trial court all operated under a mistaken interpretation of MCL 380.1248(2).

The plain and unambiguous language of MCL 380.1248(2) reflects that it provides a mechanism to determine whether a particular *school district* must employ the new performance-related criteria found in subsection (1) of the statute, not whether a particular *employee* is subject to the new criteria. The clear language of MCL 380.1248(2) poses two broad-based, generally-applicable questions. First, it asks whether a collective bargaining agreement was in effect for employees of a school district as of the effective date of the statute. Here, it is indisputable that the CBA was in effect for employees of the St. Johns School District at the time the statute became effective. This initial question reflected in the statute does not seek an answer in terms of whether a collective bargaining agreement was in place for certain employees or a particular teacher; the statute is not structured to address individual circumstances but rather to simply answer the more expansive question regarding whether a school district must follow the new performance-related criteria.

The second question posed by MCL 380.1248(2) asks whether the collective bargaining agreement prevented compliance with the new performance-related criteria, which again must be answered in the affirmative, given the language in the CBA imposing strict seniority rules in determining those teachers subject to being laid off. Because we answered "yes" to both questions, the new performance-related criteria "do[] not apply to [the St. Johns] *school district . . . until after the expiration of th[e] collective bargaining agreement.*" MCL 380.1248(2) (emphasis added). MCL 380.1248(2) does not state that, in situations when the two questions are answered in the affirmative, the new performance-related criteria do not apply to the *employees covered by the collective bargaining agreement* or to the *school district in relationship to such employees*; instead, subsection (2) broadly and simply provides that the new criteria do not apply "to that school district." Accordingly, assuming that plaintiffs were not covered by the CBA and were not a legally-recognizable collective bargaining unit in their own right, the new performance-related criteria relative to staff reductions were not yet applicable to or within the St. Johns School District. Plaintiffs were thus governed by whatever contract

-3-

existed between themselves and SJPS, which apparently was a contract that fully incorporated the terms of the CBA. The trial court, therefore, erred in dismissing plaintiffs' lawsuit, but we remand only with respect to Lee's action, as the remaining plaintiffs did not appeal the dismissal.

To the extent that other issues and arguments were raised below, e.g., exhaustion of administrative remedies and alleged compliance with seniority rules when Lee was laid off, they were not addressed by the trial court in light of its ruling, and they may be visited on remand should SJPS wish to pursue the matters.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Having fully prevailed on appeal, Lee is awarded taxable costs pursuant to MCR 7.219.

/s/ Michael J. Riordan
/s/ William B. Murphy
/s/ Mark T. Boonstra

-4-